FILED
AUG 28 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Petitioner, <br> v. <br> RONALD S. POSNER, <br> Respondent. | Case No. 16cv2387 BTM <br><br> ORDER GRANTING MOTION FOR CONTEMPT AND ISSUING BENCH WARRANT FOR RESPONDENT'S ARREST |

The Government has moved for an order of contempt against Ronald S. Posner ("Respondent") because he failed to comply with the Court's February 7, 2017 Order enforcing an Internal Revenue Service ("IRS") Summons. On June 19, 2017, the Court issued an order setting a hearing on the motion for contempt for August 11, 2017. On July 14, 2017, the IRS personally served Respondent with a copy of the Court's order. The hearing was held on August 11, 2017, at 2:00 p.m. The Government was represented by Assistant United States Attorney Leslie M. Gardner. Respondent did not appear. For the reasons explained herein, the Government's motion for contempt is granted.

## BACKGROUND

The IRS is conducting an investigation to determine Respondent's ability to pay his income tax liabilities for the 2007 and 2008 tax years. See Docket No. 11-2 at ¶¶ 2-4. In accordance with 26 U.S.C. § 7602, on June 29, 2015, the IRS issued an

administrative summons, IRS Form 6637, to Respondent seeking testimony and documents regarding his ability to pay his income tax liabilities. Id. at ¶ 7. Respondent did not comply with the IRS summons and the United States initiated these proceedings on September 22, 2016, by filing a Petition to Enforce the IRS Summons. See Docket No. 1. On November 4, 2016, the Court issued an order requiring Respondent to appear on December 16, 2016, to show cause why he should not be compelled to fully comply with the IRS summons. See Docket No. 2. On November 17, 2016, Revenue Officer Samantha Treadwell personally served Respondent with the Order to Show Cause by handing him copies of the Court's Order to Show Cause Re: Enforcement of an Internal Revenue Service Summons, the United States' Petition to Enforce Internal Revenue Summons, and the Declaration of Revenue Officer Anguiano. See Docket No. 4.

On December 14, 2016 and December 29, 2016, the Court issued notices of change of hearing, which ultimately reset the hearing date for the order to show cause to January 27, 2017. See Docket Nos. 3, 6. On December 15, 2016, the Government personally served the first notice of change of hearing on Respondent. See Docket No. 5. And on January 6, 2017, the Government personally served the second notice of change of hearing on Respondent. See Docket No. 7.

On January 27, 2017, Respondent did not appear and the Court entered an order enforcing the IRS summons served on Respondent. See Docket Nos. 8, 9. The Order directed Respondent to appear before Revenue Officer Judith Hubbard, or a designee, on March 13, 2017, at 10:00 a.m., and to comply with the IRS summons. See Docket No. 9. A copy of the Order was mailed to Respondent via regular mail on February 15, 2017. See Docket No. 10. On March 13, 2017, Respondent failed to appear or provide any information in response to the IRS summons. See Docket No. 11-2 at ¶ 13.

On April 26, 2017, Petitioner filed a motion for contempt and asked that the Court order that Respondent be held in coercive confinement for failing to comply

with the Court's February 7, 2017 Order. See Docket No. 11. On May 10, 2017, the Court issued an Order to Show Cause to Respondent requiring him to appear on June 2, 2017 at 2:00 p.m. to show cause why he should not be held in contempt. See Docket No. 12. On May 10, 2017, a copy of the Order was mailed to Respondent via regular mail. See Docket No. 13. On June 2, 2017, Respondent did not appear and the Court continued the hearing until August 11, 2017, in order for Respondent to be personally served with the notice of the hearing. See Docket No. 14.

On June 19, 2107, the Court issued an Order to Show Cause to Respondent requiring him to appear on August 11, 2017 at 2:00 p.m. to show cause why he should not be held in contempt. See Docket No. 15. On July 14, 2017, a copy of the Order and Docket Numbers 11 through 14 were personally served on Respondent. See Docket No. 16. On August 11, 2017, Respondent did not appear and the Court granted the motion for contempt and ordered that a bench warrant be issued for Respondent's arrest. See Docket No. 17.

## DISCUSSION

A district court has the inherent power to enforce its orders through civil contempt. See Shillitani v. United States, 384 U.S. 364, 370 (1966). A finding of civil contempt is proper when a party disobeys a specific and definite court order by failing to take all reasonable steps within his or her power to comply. See Go-Video, Inc. v. Motion Picture Ass'n of America, 10 F.3d 693, 695 (9th Cir. 1993). Specifically, a person who fails to comply with an order enforcing an IRS summons may be held in contempt. See United States v. Rylander, 460 U.S. 752 (1983); United States v. Berg, 20 F.3d 304 (7th Cir. 1994). "If the district court orders the summons enforced and the taxpayer still refuses to comply, contempt proceedings with the possibility of imprisonment conditioned upon disclosure are warranted." United States v. Riewe, 676 F.2d 418, 421 (10th Cir. 1982) (per curiam). Here, Respondent's failure to provide the summoned information requires that the Court use its coercive powers to enforce compliance with its order.

The United States, as the moving party, bears the initial burden of showing by clear and convincing evidence that the respondent has violated a specific and definite order of the Court. See FTC v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999) (citing Stone v. City and County of San Francisco, 968 F.2d 850, 856 n.9 (9th Cir. 1992)). Upon such a showing, the burden shifts to Respondent to demonstrate why he was unable to comply. Id. At the contempt hearing, the propriety of the underlying order is not at issue; rather, the question for the Court is whether the respondent has the present ability to obey the Court's order. See Maggio v. Zeitz, 333 U.S. 56, 69 (1948). "[A] contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy." Maggio, 333 U.S. at 69; Rylander, 460 U.S. at 756-57.

The Court finds that Respondent is in contempt because the criteria for such a finding have been met. The Court's Order was clear. The Court ordered that Respondent appear before the IRS on March 13, 2017, and produce the documents and testimony as directed in the IRS summons. See Docket No. 9 at 4. Respondent has failed to comply with the Court's February 7, 2017 Order as evidenced by the declaration of IRS Revenue Officer S. Anguiano. See Docket No. 11-2

A judgment of civil contempt is coercive in nature and is entered to achieve full compliance with the court's order or to compensate a party for losses or damages sustained by reason of the contemnor's noncompliance. See United States v. United Mine Workers of America, 330 U.S. 258, 303-04 (1947); Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992); South Suburban Housing Center v. Berry, 186 F.3d 851, 854 (7th Cir. 1999). A coercive sanction should be designed to bring about the desired result and to reflect the character and magnitude of harm if the desired result is not achieved. See Whittaker Corp., 953 F.2d at 517-18. Confinement is a proper civil contempt sanction to obtain compliance with a court order. See Shillitani, 384 U.S. at 368; S.E.C. v. Elmas Trading Corp., 824

F.2d 732 (9th Cir. 1987); Lambert v. Montana, 545 F.2d 87 (9th Cir. 1976).

Respondent has had more than two years to comply with the IRS summons at issue, but has made no effort to do so. Petitioner has caused Respondent to be personally served with notice of the hearing on the petition to enforce the IRS summons and with notice of the hearing on the motion for contempt. Respondent has failed to appear in these proceedings. Thus, the Court is satisfied that a finding of civil contempt and the issuance of an arrest warrant are necessary to compel Respondent's attendance before the Court and ensure compliance with its orders.

**IT IS HEREBY ORDERED** that Respondent Ronald S. Posner is in civil contempt of the Court's Order to Show Cause Re: Enforcement of Internal Revenue Service Summons (Docket No. 2), Order Granting Petition to Enforce Internal Revenue Service Summons (Docket No. 9), Order to Show Cause Re Contempt of Order Enforcing Summons (Docket No. 12), and Order to Show Cause Re Contempt of Order Enforcing Summons (Docket No. 15).

**IT IS FURTHER ORDERED** that a bench warrant for Respondent's arrest will issue, and will be executed by the U.S. Marshals Service as soon as practicable. Respondent will be held in coercive confinement until such time as the contempt is purged.

DATED: August 23, 2017

Barry Ted Moskowitz
**BARRY TED MOSKOWITZ**
**Chief Judge**
**United States District Court**